UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BENSAM SWAKEEN,
                Appellant,
    v.

MARY S. PANDIAN and SAMUEL J. PANDIAN,
                Appellees.

**MEMORANDUM & ORDER**
22-CV-4710 (HG)

**HECTOR GONZALEZ**, United States District Judge:

    Plaintiff-Appellant Bensam Swakeen ("Appellant"), proceeding *pro se*, appeals an order entered by the United States Bankruptcy Court for the Eastern District of New York ("Bankruptcy Court") dismissing Plaintiff's complaint and granting Debtor Defendants-Appellees Mary S. Pandian and Samuel J. Pandian's (together, "Appellees") motion for summary judgment in a dispute concerning borrowed money. For the reasons set forth below, the Court affirms the order of the Bankruptcy Court.

## BACKGROUND

    Appellant and Appellees were close family friends and members of the same community. Beginning in September 2009, Appellant made a series of loans for the benefit of Appellees, their children, and their businesses. *See* ECF No. 2 at 8–34 (Bankruptcy Record or "B.R.", Complaint). On November 9, 2020, Appellees filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Appellees "listed a disputed personal loan debt with the Appellant in the sum of $110,000 on Schedule F of their [petition], specifically stating that they denied the amount allegedly owed." ECF No. 11 at 1; *see also* ECF No. 2-2 at 6 (B.R., Schedule E/F).

    On February 3, 2021, Appellant filed an adversary proceeding in Bankruptcy Court against Appellees objecting to the discharge of Appellees' debt in their Chapter 7 proceeding and

for recovery of the $110,000 allegedly owed to him.  ECF No. 2 at 8–34 (B.R., Complaint).  In his complaint, Appellant alleged that Appellees borrowed money from him but refused to pay him back despite having the funds to do so.  *Id.*  Appellant claimed that Appellees held money and property interests that were not properly disclosed in their Chapter 7 proceeding.  *Id.*  As a result, Appellant filed the adversary proceeding and sought a judgment denying the discharge of Appellees' debt and an award of money damages.  *Id.*

On October 22, 2021, Appellees filed a motion to dismiss Appellant's complaint.  ECF No. 2-2 at 1–10 (B.R., Motion to Dismiss).  After conducting a hearing with the parties on December 9, 2021, the Bankruptcy Court converted Appellees' motion to dismiss to a motion for summary judgment and permitted Appellant to supplement his opposition and file documentary evidence supporting his claims.  ECF No. 2-3 at 8–9 (B.R., Order), 12–39 (B.R., Hearing Transcript).  On July 19, 2022, the Bankruptcy Court entered an order granting Appellees' motion for summary judgment ("Dismissal Order").  ECF No. 2-3 at 64–66 (B.R.).  The Bankruptcy Court "determined that [Appellant] failed to adduce any evidence tending to show that [Appellees] failed to disclose or conceal assets," and dismissed Appellant's adversary proceeding.  *Id.*

On August 10, 2022, Appellant filed the instant action appealing the Dismissal Order.  ECF No. 1.[1]  On October 25, 2022, Appellant filed his opening brief.  ECF No. 5.  On December 21, 2022, Appellees filed their opposition, and on December 28, 2022, Appellant filed his reply.

---

[1]   Pursuant to Federal Rule of Bankruptcy Procedure 8002(a), Plaintiff had fourteen days after entry of the Dismissal Order to file a notice of appeal—until August 3, 2022.  On August 2, 2022, the Bankruptcy Court extended Appellant's time to file a notice of appeal to August 24, 2022.  ECF No. 2-3 at 75–76.  Accordingly, Appellant's notice of appeal is timely filed.

ECF Nos. 11, 18.  Appellant subsequently filed an addendum and additional Bankruptcy Court records.  ECF Nos. 20, 21.

## LEGAL STANDARD

District courts have appellate jurisdiction over "final judgments, orders, and decrees" entered in bankruptcy court.  28 U.S.C. § 158(a).  "A district court need not agree with every conclusion reached by the Bankruptcy Court and may affirm the decision on any ground supported in the record."  *In re Zubair*, No. 20-cv-8829, 2021 WL 4974811, at *4 (S.D.N.Y. Oct. 26, 2021).[2]

On appeal, a district court reviews a bankruptcy court's findings of fact for clear error and its legal conclusions *de novo*.  *See In re Pinnock*, 833 F. App'x 498, 501 (2d Cir. 2020) (engaging in *de novo* review of the district court's review of a bankruptcy court decision and noting that the Second Circuit "appl[ies] the same standard of review employed by the district court to the decision of the bankruptcy court"); *In re Windstream Holdings Inc.*, 614 B.R. 441, 449 (S.D.N.Y. 2020) ("When reviewing for clear error, the Court may reverse only if it is left with the definite and firm conviction that a mistake has been committed.").  A bankruptcy court's decision to grant summary judgment based upon undisputed facts is reviewed *de novo*.  *See In re Treco*, 240 F. 3d 148, 155 (2d Cir. 2001) ("[W]ith respect to the grant of partial summary judgment, the posture in which this appeal reaches us, we review *de novo* whether, viewing the record in the light most favorable to the non-movant . . . any genuine and disputed issue of material fact underlies the bankruptcy court's decision.").

*Pro se* pleadings are held to less stringent standards than pleadings drafted by attorneys

---

[2] Unless noted, case law quotations in this Order accept all alterations and omit all internal quotation marks, citations, and footnotes.

and the Court is required to read Plaintiff's *pro se* appeals brief liberally and interpret it raising the strongest arguments it suggests. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## DISCUSSION

Appellant argues that the Bankruptcy Court erred in entering the Dismissal Order because Appellees have the money to pay Appellant back but are refusing to do so. *See* ECF No. 10 at 1 ("[A]ppellees are rich enough to pay [me] my money with . . . interest because they used money for their own family development and their business. At present[,] their family income is approx[i]mately $25,500.00 per month."). Appellees contend that, as debtors, they have "an absolute duty to report whatever interests they hold in property," and that they have sworn on penalty of perjury in their Chapter 7 petition "as to the truthfulness of their list of assets." ECF No. 11 at 3. Appellees argue that: (i) the Chapter 7 trustee reviewed their assets and filed a report of no distribution; (ii) Appellant's allegations that they misrepresented their assets are unfounded; and (iii) the Bankruptcy Court provided Appellant with ample time to provide "proof of the alleged assets or misrepresentation of income but [he] failed to do so." *Id.* Reviewing the Bankruptcy Court's legal conclusions *de novo* and "viewing the record in the light most favorable to the non-movant," the Court finds that the Bankruptcy Court did not err in granting Appellees' motion for summary judgment. *In re Treco*, 240 F. 3d at 155.

As discussed previously, Plaintiff filed an adversary proceeding requesting that the Bankruptcy Court deny the discharge of Appellees' debt. "One of the central purposes of the Bankruptcy Code and the privilege of discharge is to allow the honest but unfortunate debtor to begin a new life free from debt. In the interest of protecting creditors, however, § 727 requires the denial of discharge under ten enumerated circumstances." *In re Cacioli*, 463 F.3d 229, 234 (2d Cir. 2006). Since Section 727 "impos[es] an extreme penalty for wrongdoing, [it] must be

construed strictly against those who object to the debtor's discharge and liberally in favor of the bankrupt." *Id.*; *see also In re Haddad*, No. 15-74327, 2016 WL 4523829, at *2 (Bankr. E.D.N.Y. Aug. 26, 2016) ("The provisions of section 727 are construed strictly against the objecting party and liberally in favor of the debtor."). "The objecting creditor bears the burden to establish the requirements of Section 727 by a preponderance of the evidence." *In re St. Clair*, No. 13-mc-1057, 2014 WL 279850, at *6 (E.D.N.Y. Jan. 21, 2014). In the instant case, Appellant seemingly objects to the Debtor's discharge on two grounds:

> (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—
>
>> (A) property of the debtor, within one year before the date of the filing of the petition;
>
> . . . .
>
> (4) the debtor knowingly and fraudulently, in or in connection with the case—
>
>> (A) made a false oath or account;

11 U.S.C. § 727(a). "To prove a [section] 727(a)(2) violation, a creditor must show an act (i.e., a transfer or a concealment of property) and an improper intent (i.e., a subjective intent to hinder, delay, or defraud a creditor), and the party seeking to bar discharge must prove that *both* of these components were present during the one-year period before bankruptcy." *In re Bruno*, No. 22-10822, 2023 WL 3139919, at *4 (Bankr. S.D.N.Y. Apr. 27, 2023). To prove a section 727(a)(4)(A) violation, a creditor "must allege facts demonstrating that the Debtor (i) made a statement under oath; (ii) the statement was false; (iii) he knew the statement was false; (iv) he made the statement with fraudulent intent; and (v) the statement related materially to the bankruptcy case." *Id.* at *7.

On December 9, 2021, the Bankruptcy Court held a hearing with the parties and

5

explained that although Appellant's complaint contained evidence that Appellees borrowed money from Appellant, there was "no evidence whatsoever that supports the allegation that when this case was filed, [Appellees] had property . . . or money . . . that they didn't disclose." ECF No. 2-3 at 23 (B.R., Hearing Transcript).  The Bankruptcy Court further stated the relief Appellant requested—a denial of discharge—is "an extreme penalty for wrongdoing" and required Appellant to "come forward with proof that shows that the Debtor is not entitled to the discharge."  *Id.* at 23–24.  Accordingly, the Bankruptcy Court provided Appellant time to supplement his claims by means of "affidavits, property records, or whatever the [Appellant] thinks supports his claim that the Debtors had assets that they did not disclose" on their Schedules in the Chapter 7 proceeding by January 14, 2022.  *Id.* at 24–25, 28 ("[Y]ou've made allegations in your Complaint that the Debtors own property in India, in New Hyde Park and that they got money from a car accident and they never told the Chapter 7 Trustee about and they didn't put it on their Schedules, then you need to provide the Court with some evidence that that's the case.  I'm not permitted to just take your word for it. . . .").  The Bankruptcy Court subsequently extended Appellant's time to supplement his claims with evidence of misrepresentations to February 24, 2022, and on March 10, 2022, held a hearing where it considered "copies of cancelled checks and other documents and information submitted by Plaintiff."  ECF No. 2-3 at 64–66 (B.R., Dismissal Order).  The Bankruptcy Court determined that Appellant "failed to adduce any evidence tending to show the Debtor Defendants failed to disclose or conceal assets" and entered the Dismissal Order.  *Id.*

It is clear from the record that Appellant failed to meet his burden to establish by a "preponderance of the evidence" that Appellees concealed assets or falsified information in their Chapter 7 proceeding and accordingly, the Bankruptcy Court did not err in dismissing

6

Appellant's complaint. While unfortunate that Appellant lent Appellees a substantial sum of money and seemingly did not get paid back, "[e]very Debtor in Bankruptcy has debt, borrowed money from people and they didn't pay it back, even though they promise to pay it back. The only evidence that really matters here is whether the Debtors were untruthful when they filed for Bankruptcy," and there is no evidence in the record to suggest that Appellees were intentionally untruthful at the time they filed for Chapter 7 bankruptcy. ECF No. 2-3 at 30 (B.R., Hearing Transcript); *see also In re Bruno*, 2023 WL 3139919, at *5,*7 (holding that trustee failed to meet its burden under Section 727(a)(2)(A) and 727(a)(4)(A) because he "has alleged no facts demonstrating that the Debtor acted with the intent to hinder, delay, or defraud his creditors" and "the mere failure to list assets does not support an objection to discharge").

Appellant further alleges that Appellees' family *now* has the means to pay him back. Appellant suggests that: (i) Appellees' son is a CFO making more than $140,000 a year; (ii) both Appellees receive pension and social security money; and (iii) Appellees used Appellant's money to send their daughter to medical school and she is now a doctor. ECF No. 18 at 1 (Reply). The fact that Appellees *now* have the money does not necessitate a denial of the discharge of their debt: "the question isn't whether they have money to pay. . . . The question is whether they *had* money or had property that they didn't put on their Schedules" at the time that Appellees filed for bankruptcy. ECF No. 2-3 at 28 (B.R., Hearing Transcript). Appellant provides no evidence—aside from his own testimony—that Appellees concealed assets or falsified information on their Schedules in their Chapter 7 bankruptcy proceeding in violation of Section 727(a)(2)(A) or Section 727(a)(4)(A). Having carefully reviewed the entire record, the Court concludes that the Bankruptcy Court's decision to dismiss Appellant's complaint and to

7

grant summary judgment was warranted, and the Bankruptcy Court did not err in reaching that conclusion.[3]

## **CONCLUSION**

The Court has considered all of the arguments of the parties. For the reasons stated above, the Dismissal Order is AFFIRMED. The Clerk of Court is respectfully directed to enter judgment and close this case.

The Clerk of Court is further directed to mail a copy of this Order to *pro se* Appellant and to note the mailing on the docket.

SO ORDERED.

                                                                                       */s/ Hector Gonzalez*
                                                                                       HECTOR GONZALEZ
                                                                                       United States District Judge

Dated: Brooklyn, New York
         May 11, 2023

---

[3] Appellant requests that "this Honorable Court execute [its] December 20-2022 order and dismiss Appellees all kind of claims [sic] and stop them to appeal from this court and order them to return $110,000." ECF No. 18 at 18. Given Appellant's *pro se* status, the Court would like to clarify that its December 20, 2022, Order was not an order "dismiss[ing] Appellees." In light of Appellees' failure to adhere to their briefing deadlines, the Court entered an order stating that it would consider Appellant's brief unopposed. *See* Text Order dated December 20, 2022. This meant that the Court would consider whether Appellant's brief had any *merit*, this did not mean that the Court would grant Appellant's appeal. In fact, the outcome of the Court's decision would be the same even if the Court had considered the merits of the instant appeal on the basis of Appellant's papers alone.